UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. COFFMAN,<br><br>                  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No.: 18-CV-546 JLS (BLM)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IFP; AND (2) DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 2, 3) |

Presently before the Court is Plaintiff Daniel R. Coffman's Motion to Proceed In Forma Pauperis ("IFP"), ("IFP Mot.," ECF No. 3), and his Motion to Appoint Counsel, (ECF No. 2). For the following reasons the Court **GRANTS** Plaintiff's IFP Motion and **DENIES** Plaintiff's Motion to Appoint Counsel.

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of

fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In support of his IFP Motion, Plaintiff has submitted an affidavit of his financial status pursuant to 28 U.S.C. § 1915(a)(1) and Civil Local Rule 3.2. These statements show that Plaintiff receives about $40 a month from self-employment, (IFP Mot. 2)[1], and his only listed expense is $56 a month for Motor Vehicle insurance, (*id.* at 3). Plaintiff also states that he lives with his mother who supports him. (*Id.* at 4.) Thus it appears that Plaintiff does not have the funds to pay the requisite filing fee. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

---

[1] Pin citations refer to the CM/ECF numbers electronically stamped at the top of each page.

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

Plaintiff's Complaint adequately states a claim for judicial review of a denial of Social Security benefits. (*See generally* Complaint ("Compl."), ECF No. 1.) Specifically, Plaintiff alleges that the administrative law judge did not address evidence in his medical record when the judge denied Plaintiff social security benefits. (*Id.* at 1.) Plaintiff attached a copy of the Notice of Appeals Council Action, which denied Plaintiff's request to review the Administrative Law Judge's determination against Plaintiff. (*Id.* at 2–4.) Thus, it appears that Plaintiff exhausted his administrative remedies prior to filing the present action. Taking the above information in the light most favorable to Plaintiff, the Court concludes that Plaintiff has pled sufficient factual information to allege a plausible claim

for relief. Plaintiff is therefore entitled to U.S. Marshal service on his behalf. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## MOTION TO APPOINT COUNSEL

Plaintiff requests the Court to appoint counsel, but provides no accompanying explanation or information concerning his request. (ECF No. 2.)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff provides no justification as to how his case meets the exceptional circumstances. On his Motion to Appoint Counsel, Plaintiff checked a box stating that he attached an affidavit demonstrating his inability to pay. Yet, inability to pay is not a sufficient reason to appoint counsel until Plaintiff addresses his exception circumstances. The Court does not have enough information to evaluate Plaintiff's likelihood for success on the merits. Plaintiff's Complaint describes his facts and circumstances in one page. (ECF No. 1, at 2.) While the Complaint survives the *sua sponte* screening, there is simply

not sufficient information to evaluate the likelihood of success on the merits. Additionally, the Court finds Plaintiff has not met the second element—ability to articulate his claims. Plaintiff has provided no reason why he is unable to articulate his legal claims. Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for counsel.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Motion, (ECF No. 3), pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

2. Plaintiff's Motion to Appoint Counsel, (ECF No. 2), is **DENIED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the named Defendant. In addition, the Clerk is **DIRECTED** to provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (ECF No. 1) and the summons so that he may serve the named Defendant. Upon receipt of this "IFP Package," Plaintiff is **DIRECTED** to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package.

4. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon the named Defendant as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. Defendant is thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (noting that once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

1    6. Plaintiff **SHALL SERVE** upon the Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of the document was served on the Defendant, or counsel for Defendant, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED.**

Dated: March 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge