UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. COFFMAN,<br><br>                         Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                         Defendant. | Case No.: 18-CV-546 JLS (BLM)<br><br>**ORDER (1) OVERRULING DEFENDANT'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 20, 21, 33) |

Presently before the Court are Plaintiff Daniel R. Coffman's Motion for Summary Judgment ("Pl.'s MSJ," ECF No. 20) and Defendant Commissioner of Social Security's Cross-Motion for Summary Judgment ("Def.'s MSJ," ECF No. 21). Magistrate Judge Barbara L. Major submitted a Report and Recommendation ("R&R," ECF No. 33) recommending Plaintiff's Motion be granted in part and denied in part, Defendant's Motion be granted in part and denied in part, and the case be remanded for further proceedings. Defendant submitted Objections to the R&R ("Objs.," ECF No. 34).

///

///

1

## BACKGROUND

Magistrate Judge Major's R&R contains a complete and accurate recitation of the relevant factual and procedural history underlying the Motions. R&R. at 2–5. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

Plaintiff, proceeding *pro se*, seeks judicial review of Administrative Law Judge ("ALJ") Keith Dietterle's decision finding Plaintiff did not suffer from a qualifying disability as defined by the Social Security Act. Plaintiff argues "'that the Commissioner's final decision is not based on factual details,' that there are errors in Defendant's Answer to Plaintiff's Complaint, and that Plaintiff's case 'has not been reviewed by the Commissioner of Social Security and the Commissioner's attorney team is not aware of [his] medical history.'" R&R at 3 (citing Pl.'s MSJ at 2–3). Defendant contends "that the ALJ's finding that Plaintiff's ulcerative colitis was severe but not disabling," *id.* (citing Def's MSJ at 5, "was supported by substantial evidence of record and . . . the ALJ fully considered all of the medical evidence of record in reaching his decision." *Id.* (citing ECF No. 26 at 1–2).

///

Magistrate Judge Major recommends granting in part and denying in part Plaintiff's Motion and granting in part and denying in part Defendant's Motion. Magistrate Judge Major makes this recommendation based on her findings that the ALJ failed to provide specific reasons for rejecting Plaintiff's treating physician, Dr. Bittleman's, opinions; improperly considered Dr. Bittleman's opinion that Plaintiff would be absent from work more than four times a month; failed to discuss the length of treatment relationship, frequency of examination, or the nature and extent of treatment; and gave improper weight to medical expert Dr. Duby's opinion. R&R 12–15. Defendant objects to these recommendations, arguing they are contrary to law and unsupported by the record. Objs. at 2. Defendant contends the ALJ properly evaluated and discussed Dr. Bittleman's opinions, citing specific findings in the record. *Id.* at 3–5. Defendant also contends that the ALJ gave the proper weight to Dr. Duby's opinion. *Id.* at 7. After a *de novo* review of the R&R's reasoning, the ALJ's written decision, the record evidence, and applicable legal authorities, the Court agrees with Magistrate Judge Major's recommendations. Accordingly, the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R as to these recommendations.

Magistrate Judge Major also recommends that Plaintiff's Motion be denied as it pertains to Plaintiff's contention that the ALJ failed to consider his subjective symptoms. Magistrate Judge Major concludes that "the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective claims regarding his symptoms." *Id.* at 24. Next, Magistrate Judge Major recommends Plaintiff's Motion be denied as it pertains to his request to remand pursuant to sentence six "[b]ecause Plaintiff is unable to satisfy both the materiality and good cause prongs required." *Id.* at 29. Finally, because Magistrate Judge Major finds that the record is incomplete and further administrative proceedings to develop the record would be useful and appropriate, she recommends the Court reverse the decision of the ALJ and remand for further proceedings. Neither Party objects to these recommendations and the Court finds them to be well-reasoned and to contain no clear error. The Court therefore **ADOPTS** the R&R in its entirety.

## CONCLUSION

After reading the R&R and conducting a *de novo* review of those portions to which Defendant objected, the Court must agree with Magistrate Judge Major's sound reasoning. Accordingly, the Court (1) **OVERRULES** Defendant's Objections (ECF No. 34), (2) **ADOPTS** the R&R in its entirety (ECF No. 33), and (3) **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment (ECF No. 20) and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Summary Judgment (ECF No. 21). The Court **REVERSES** the ALJ's decision and **REMANDS** for further proceedings to address the errors noted in the R&R and this Order.

**IT IS SO ORDERED.**

Dated: September 3, 2019

Hon. Janis L. Sammartino
United States District Judge